1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN HARDNEY,

11           Petitioner,                        No. CIV S-07-606 WBS KJM P

12       vs.

13   SULLIVAN, Warden, et al.,                  FINDINGS AND RECOMMENDATIONS

14           Respondents.

15   _____/

16           Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17   habeas corpus under 28 U.S.C. § 2254.  He challenges the loss of 30 days' worktime credit

18   following a disciplinary hearing in which petitioner was found guilty of refusing a cellmate.

19   Respondent has filed an answer and petitioner, his traverse.

20   I.  Background

21           Petitioner claims the disciplinary finding against him is invalid for the following

22   reasons: (1) he was not assigned an investigative employee to help him prepare his defense for

23   the disciplinary hearing; (2) he was denied a fair hearing because the senior hearing officer,

24   Brown, was biased against him due to their past history; (3) he did not refuse a cellmate, but

25   /////

26   /////

1  moved into the cell of another prisoner; and (4) he was improperly denied access to Officer

2  Baker as a witness.  Pet. at 7-8.[1]

3          According to the Rules Violation Report (RVR), petitioner appeared before the

4  senior hearing officer (SHO) at the hearing and expressed his feeling that the SHO could not be

5  unbiased.  Nevertheless the SHO elected to continue because petitioner was unable to present a

6  "credible theory or evidence that supported his contentions" of bias.  Answer, Ex. 3 at 2.  The

7  RVR states that an investigative employee was not assigned in "accordance with CCR, Title 15

8  § 3315 (d)(1)(A) based on: The complexity of the issues does not require further investigation.

9  The available information is sufficient."  Id.  The RVR states Officer Baker was denied as a

10  witness because he was not present when petitioner verbally refused to take a cellmate, and

11  therefore did not have relevant testimony to give.  Id., Ex. 3 at 3.  At the completion of the

12  disciplinary hearing, petitioner was found guilty and assessed a forfeiture of 30 days' worktime

13  credit and 5 days' yard privileges.  Id., Ex. 3 at 4.

14          Petitioner filed a petition for a writ of habeas corpus in Solano County Superior

15  Court, which dismissed the petition for failure to establish a prima facie case.  Answer, Ex. 5 at

16  2.  The California Court of Appeal denied petitioner's request filed there without comment.

17  Answer, Ex. 6.  The California Supreme Court also issued a summary denial.  Answer, Ex. 7.

18          Petitioner filed the pending petition on March 29, 2007.

19  II.  AEDPA Standards

20          An application for a writ of habeas corpus by a person in custody under a

21  judgment of a state court can be granted only for violations of the Constitution or laws of the

22  United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any

23  /////

24  /////

25

26          [1]  Page references are to those assigned by the court's CM/ECF system.

1    claim decided on the merits in state court proceedings unless the state court's adjudication of the

2    claim:

3             (1) resulted in a decision that was contrary to, or involved an
             unreasonable application of, clearly established federal law, as
4             determined by the Supreme Court of the United States; or

5             (2) resulted in a decision that was based on an unreasonable
             determination of the facts in light of the evidence presented in the
6             State court proceeding.

7    28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[2]  It is the habeas

8    petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See

9    Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

10            The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

11   different.  As the Supreme Court has explained:

12            A federal habeas court may issue the writ under the "contrary to"
             clause if the state court applies a rule different from the governing
13            law set forth in our cases, or if it decides a case differently than we
             have done on a set of materially indistinguishable facts.  The court
14            may grant relief under the "unreasonable application" clause if the
             state court correctly identifies the governing legal principle from
15            our decisions but unreasonably applies it to the facts of the
             particular case.  The focus of the latter inquiry is on whether the
16            state court's application of clearly established federal law is
             objectively unreasonable, and we stressed in Williams [v. Taylor,
17            529 U.S. 362 (2000)] that an unreasonable application is different
             from an incorrect one.

18

19   Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the

20   law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

21   fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8

22   (2002).

23   /////

24

25        [2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not
     grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 127 S. Ct. 2321, 2326-27
26   (2007).

3

1     The court will look to the last reasoned state court decision in determining

2 whether the law applied to a particular claim by the state courts was contrary to the law set forth

3 in the cases of the United States Supreme Court or whether an unreasonable application of such

4 law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S.

5 919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial

6 of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court

7 must perform an independent review of the record to ascertain whether the state court decision

8 was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other

9 words, the court assumes the state court applied the correct law, and analyzes whether the

10 decision of the state court was based on an objectively unreasonable application of that law.

11     It is appropriate to look to lower federal court decisions to determine what law has

12 been "clearly established" by the Supreme Court and the reasonableness of a particular

13 application of that law.  "Clearly established" federal law is that determined by the Supreme

14 Court.  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is

15 appropriate to look to lower federal court decisions as persuasive authority in determining what

16 law has been "clearly established" and the reasonableness of a particular application of that law.

17 Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th

18 Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo,

19 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of

20 Supreme Court precedent is misplaced).

21 III.  Failure To Assign An Investigative Employee

22     Petitioner argues his due process rights were violated when he was denied an

23 investigative employee to assist him in preparing his defense and gathering evidence and

24 information on his behalf.  Pet. at 13-15.  Petitioner argues he needed assistance because his

25 housing in the administrative segregation unit, which included 24-hour confinement and required

26 him to be under escort every time he left his cell, prevented him from acquiring the information

4

1    himself.  Id. at 13.  Petitioner cites the California Code of Regulations title 15, sections

2    3315(d)(1)(A) and 3318, as well as Wolff v. McDonnell, 418 U.S. 539 (1974), as authority for

3    the proposition he should have been granted an investigative employee.  Id. at 13-14.

4                    Respondent argues that whether petitioner qualified for an investigative employee

5    under the cited regulation is solely a state law issue, the issue is not properly before this court,

6    and because there is "no on-point Supreme Court decision" requiring investigative assistance to

7    inmates facing disciplinary hearings, petitioner's claim should be denied.  Answer at 8-9.

8                    "[A] writ of habeas corpus disturbing a state-court judgment may issue only if it is

9    found that a prisoner is in custody 'in violation of the Constitution or laws or treaties of the

10   United States' 28 U.S.C. § 2241(c)(3) ... not ... on the basis of a perceived error of state law."

11   Pulley v. Harris, 465 U.S. 37, 41 (1984).  Petitioner's claim based on the California regulations

12   thus does not present a cognizable claim.

13                   To the extent petitioner attempts to elevate his claim to one based on due process

14   violations, his claim also is unavailing.  In holding that petitioner did not state a prima facie case

15   for relief the California Superior Court observed, "[t]he assignment of an investigative employee

16   was unnecessary because the alleged rule violation occurred in Petitioner's administrative

17   segregation cell, making it likely that Petitioner was able to collect and present evidence

18   necessary for a defense."  Answer, Ex. 5 at 2.

19                   In Wolff, the Supreme Court determined an inmate should be free to seek the

20   assistance of a fellow inmate, or an adequate substitute from staff, when the inmate is illiterate or

21   "the complexity of the issue makes it unlikely that the inmate will be able to collect and present

22   the evidence necessary for an adequate comprehension of the case."  418 U.S. at 570.  Here, the

23   RVR completed by the SHO states that an investigative employee was not assigned because the

24   complexity of the issues did not require further investigation.  Answer, Ex. 3 at 2.  The RVR also

25   notes petitioner speaks English and that the SHO verified petitioner is literate.  Id.

26   /////

1       The state court's decision is not contrary to federal law or an unreasonable

2   determination of the facts.  For the above reasons, this claim should be denied.

3   IV. Impartial Hearing

4       Petitioner also argues he was denied a fair and impartial hearing because of his

5   history with the SHO, which in the past included petitioner's filing a staff complaint against the

6   SHO and the SHO filing an allegation against petitioner that was proven false.  Pet. at 17-20.

7       Respondent argues that any discretion exercised at petitioner's hearing was

8   limited by the preclusion of arbitrary discipline and the mandate of an impartial hearing officer

9   through the application of California Penal Code section 2932, California Code of Regulations

10  title 15, sections 3310-3333, and the California Department of Corrections and Rehabilitations

11  Department Operations Manual, article 23.  Answer at 7-8.

12      In denying this claim, the California Superior Court observed, "Petitioner makes

13  no showing that the senior hearing officer observed, reported, classified, supplied supplemental

14  reports to, or investigated the alleged rule violation or that the officer harbored a predisposition

15  of Petitioner's guilt or innocence." Answer, Ex. 5 at 2.

16      A fundamental requirement of due process is an impartial decision-maker or

17  tribunal.  Wolff, 418 U.S. at 592.  A prison disciplinary hearing is impartial when the hearing

18  officers are "not left at large with unlimited discretion."  Id. at 571.  In discussing the required

19  impartiality of hearing officers, the Ninth Circuit has held that

20          one who has participated in or will participate as an investigating
            or reviewing officer, is a witness or has personal knowledge of
21          material facts related to the involvement of the inmate facing
            disciplinary proceedings in the specific charge, or is otherwise
22          personally interested in the outcome cannot be impartial as a matter
            of law in disciplinary proceedings.
23

24  Clutchette v. Procunier, 497 F.2d 809, 820 (9th Cir. 1974), rev'd on other grounds sub nom.

25  Baxter v. Palmigiano, 425 U.S. 308 (1976).

26  /////

1    Here, there is nothing in the record to contradict the record made in the RVR that

2  the SHO was not a witness and did not have personal knowledge of material facts related to the

3  asserted violation.  Moreover, petitioner has not shown the SHO was so personally interested in

4  the outcome, such that he was not able to apply the regulations fairly.  There is no reason to

5  question the state court's factual finding with respect to the SHO's impartiality.  The state court's

6  decision also does not run afoul of federal law.  This claim too should be denied.

7  V.  Petitioner's Access To Officer Baker

8    Petitioner also challenges the denial of his request to have Officer Baker testify at

9  the hearing.  Pet. at 15-17.  Respondents concede petitioner requested Baker as a witness, but say

10  the request was denied based on the testimony of Officer Schrodeder, who issued the RVR

11  underlying petitioner's claims based on petitioner's refusing a direct order to take a cellmate in

12  his double-cell.  Answer, Ex. 3.  Schrodeder stated Baker was not present when petitioner refused

13  Schrodeder's order to take a cellmate.  Answer, Ex. 3 at 3.  Although the hearing record indicates

14  petitioner stated at hearing he did not know if Officer Baker was present, petitioner says in the

15  unverified memorandum in support of the instant petition that Baker was present.  Pet. at 17.  He

16  waffles on the point in his traverse.  Traverse at 9-10.[3]

17    The California Superior Court found "Correctional Officer Baker was properly

18  excluded as a witness because the officer had not personally witnessed the verbal exchange

19  between Petitioner and the reporting officer."  Answer, Ex. 5 at 2.

20  _____

21    [3] Petitioner argues, in essence, that as a matter of substance and fairness he should not
have been found guilty of refusing a cellmate because he did, ultimately, accept one.  He says
Officer Baker brought an inmate named Wiley to his cell and told petitioner he needed a

22  cellmate.  Pet. at 8-9; Traverse at 1-2.  Petitioner says he told Baker he wanted to move in with
someone in building 10, cell 212, but that he needed an officer to escort him from his cell

23  because he was not allowed out on his own.  Pet. at 8-9.  Petitioner says that within 24 hours of
Schrodeder's order, Baker escorted petitioner to his new cell, where he moved in with another

24  prisoner.  Pet. at 19.  Presenting the facts in this way, however, does not establish petitioner's
legal innocence, if that is what he is trying to do; rather this presentation is not inconsistent with

25  the hearing officer's conclusion that petitioner did not comply with Schrodeder's order when it
was given.

26

1      An inmate's right to call witnesses is limited; there must be a balance between the

2   inmate's interest in avoiding loss of goodtime and the needs of the prison. Wolff, 418 U.S. at

3   566. "Prison officials must have the necessary discretion to keep the hearing within reasonable

4   limits and refuse to call witnesses." Id.   Inmates facing disciplinary proceedings should be

5   allowed to call witnesses in their defense when doing so will not be unduly hazardous to the

6   institutional safety or correctional goals. Id.

7      Nothing in the record demonstrates Baker actually was present when Schrodeder

8   says he ordered petitioner to accept a cellmate; thus the SHO was acting within his discretion to

9   deny petitioner's access to Baker as a witness and rely on the reports of Schrodeder and

10   petitioner alone.  The state court did not unreasonably determine the facts render a decision

11   contrary to federal law.  Petitioner's final claim also should be denied.

12      Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a

13   writ of habeas corpus be denied.

14      These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16   days after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19   shall be served and filed within ten days after service of the objections.  The parties are advised

20   that failure to file objections within the specified time may waive the right to appeal the District

21   Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22   DATED:  June 22, 2009.

23

24   _____

25   U.S. MAGISTRATE JUDGE

26   /hardneydraft0606.wpd